UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SITKA OZKARDES,

    Petitioner,

v.       CASE NO. 8:14-cv-147-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Ozkardes petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for first degree murder, for which he serves life imprisonment without the possibility of parole. The petition is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to *sua sponte* raise the issue of the timeliness of a Section 2254 petition for habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Ozkardes's conviction was final in 2007,[*] and the applicable limitation barred his claim one year later absent tolling attributable to a timely-filed, post-conviction application in state court.  Ozkardes filed no motion for post-conviction relief until June, 2009.  Because he filed his motion for post-conviction relief more than six months after the one-year deadline, Ozkardes receives no tolling from his post-conviction application.  *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."), *cert. denied*, 534 U.S. 1144 (2002).

Recognizing that his petition is time-barred, Ozkardes argues that his actual innocence overcomes the one-year limitation.  Ozkardes argues that the transcript of the plea hearing, a portion of which is attached to the petition, discloses that the prosecutor failed to recite a factual basis to prove that Ozkardes committed

---

[*] The online dockets for the Second District Court of Appeal, the Circuit Court for Pinellas County, and the Florida Department of Corrections confirm Ozkardes's representations.

premeditated first-degree murder as compared to a lesser form of homicide. According to the transcript of the plea hearing, the prosecutor represented that he could prove (1) that Ozkardes knew the victim; (2) that they shared a drink inside the victim's house; (3) that Ozkardes shot the victim once in the chest and once in the head at close range; (4) that Ozkardes kidnapped the victim's fifteen-month-old grandson, whom the victim was babysitting; (5) that Ozkardes convinced a friend to babysit the child while Ozkardes returned to work so he could establish an alibi; (6) that, when he learned about the murder, the friend released the baby and cooperated with the police; and (7) that, while in the county jail, Ozkardes solicited an inmate to threaten the cooperating witness in an effort to force the cooperating witness to flee the country and to kill the cooperating witness if he did not flee. Ozkardes pleaded guilty to, among other offenses, capital murder, kidnapping, solicitation to commit first-degree murder, solicitation to commit aggravated battery, and tampering with a witness. Under the sentencing agreement, Ozkardes pleaded guilty in exchange for the state's forbearing the death penalty.

A defendant may avoid the time bar by showing that he is "actually innocent" of the offense. *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[A] prisoner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."). Actual innocence is not a separate claim that challenges the conviction, but a "gateway" through which a defendant may pass to assert a

constitutional challenge to the conviction.  In other words, actual innocence is a gateway that permits the review of a time-barred or procedurally barred federal claim. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' [*Schlup*,] 513 U.S. at 316."  *McQuiggin, Warden, v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013).

The new evidence must show that, in fact, Ozkardes did not commit the offense.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The new evidence must compel a finding of not guilty.  "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."  *House v. Bell*, 547 U.S. 518, 538 (2006).

Ozkardes's contends that the transcript of his rearraignment fails to show the prosecutor's basis for proving premeditation, and Ozkardes now alleges that he shot

the victim in self-defense.  Ozkardes's allegation is not based on new evidence that was previously unavailable.  Because he knew the facts supporting a possible claim of self-defense when he pleaded guilty,  by pleading guilty Ozkardes waived his right to assert self-defense.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction.  *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction . . . .").  By pleading guilty, Ozkardes admitted to the facts recited by the prosecutor.  *United States v. Broce*, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in

open court carry a strong presumption of verity."). Whether the recited facts adequately show "premeditation" is an issue that is not based on newly discovered evidence and that Ozkardes could have timely raised on direct appeal. Moreover, Ozkardes's allegation fails to show that he is so *factually innocent* that "no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. at 538.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Ozkardes is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Ozkardes must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred and he fails to show entitlement to the actual innocence exception, Ozkardes cannot meet *Slack*'s

prejudice requirement.  529 U.S. at 484.  Finally, because Ozkardes is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Ozkardes must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 30, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE